FILED
SUPERIOR COURT
OF GUAM

2026 MAY -4 PM 3:37

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **CYFRED, LTD.,** | **CIVIL CASE NO. CV0396-23** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **DAVID WAATHDAD et al.,** | |
| Defendants. | |

This matter came before the Honorable Dana A. Gutierrez upon the Motion for Partial Summary Judgment ("Motion") by Plaintiff Cyfred, Ltd. ("Plaintiff"). Present at the hearing was Attorney Curtis Van De Veld on behalf of Plaintiff. Attorney Wayson Wong ("Attorney Wong")[1] on behalf of Defendants did not appear. Upon reviewing counsel's arguments, the record, and applicable law, the Court issues the following Decision and Order.

## BACKGROUND

This action arises from prior litigation between Plaintiff and a group of homeowners concerning certain real property located in the Gill Baza Subdivision in Guam. In earlier proceedings, the homeowners acquired second lots from Plaintiff, financing a portion of the purchase price through promissory notes and mortgages in favor of Plaintiff. Pl.'s Mot. for Partial Summ. J. at 2–3 (Jun. 23, 2025) ("Mot."). The notes required annual payments, and the mortgages permitted Plaintiff to pursue non-judicial foreclosure upon default. *Id.*

In March 2017, the homeowners ceased making their annual payments to Plaintiff, asserting that Plaintiff owed them attorney's fees from other litigation and that such amounts could

---

[1] The Court notes that Attorney Wong is himself a defendant in this lawsuit.

be offset against their obligations under the notes and mortgages. *Id.* at 5. Following the homeowners' nonpayment, Plaintiff initiated non-judicial foreclosure proceedings on certain of the second lots. *Id.* at 2–3.

On July 26, 2018, the homeowners filed *Waathdad, et al., v. Cyfred, Ltd.,* Civil Case No. CV0735-18 ("CV0735-18"), seeking, among other relief, to enjoin further non-judicial foreclosures and to prevent Plaintiff from disposing of already foreclosed properties. Appearing Defs.' Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. at 3–4 (Jul. 22, 2025) ("Opp'n"). On September 5, 2018, Judge Elyze J. Iriarte granted a preliminary injunction prohibiting Plaintiff from conducting additional foreclosures and from transferring certain properties. Mot. at 2; Opp'n at 19. The preliminary injunction remained in effect until March 28, 2019, when Judge Iriarte dissolved it. Mot. at 2.

During the course of CV0735-18, Judge Iriarte granted partial summary judgment in favor of Plaintiff on the homeowners' setoff claims, determining that the asserted claims for attorney's fees were unliquidated, contingent, and non-mutual. *See David Waathdad, et al., v. Cyfred, Ltd.,* Civil Case No. CV0735-18 (Decision and Order re Def.'s Mot. for Partial Summ. J. at 11 (Mar. 8, 2019)).[2] Following that ruling, Plaintiff prevailed in CV0735-18, and subsequent appellate proceedings were resolved in its favor. Mot. at 9–11. The plaintiffs in CV0735-18 have moved to set aside the judgment in that case twice, and Judge Iriarte has denied the plaintiffs' efforts both times to set aside the judgment. *See David Waathdad, et al., v. Cyfred, Ltd.,* Civil Case No.

---

[2] This Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Guam R. Evid. 201(b)(2). Court records are judicially noticeable facts. *See DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.,* Guam, 2020 Guam 20 ¶ 13 n.3 ("Generally, the court may take judicial notice of court records."). Accordingly, the Court takes judicial notice of the relevant filings in CV0735-18.

2

CV0735-18 (Decision and Order re Second Mot. for Relief for Fraud upon this Court or for Equitable Relief at 1 (Dec. 23, 2025)). Judge Iriarte's rulings on the two motions are currently on appeal at the Supreme Court of Guam. *See* Additional Defs.' And Def. Wayson W. S. Wong's Notice of Intervening Facts at 2 (Jan. 26, 2026).[3]

The present case, Civil Case No. CV0396-23, was filed by Plaintiff on June 6, 2023, asserting claims for malicious prosecution against the defendants arising out of the filing and prosecution of CV0735-18 and the subsequent appeals to the Supreme Court of Guam. *See* Mot. at 9 (CV0735-18 and the appeals of CV0735-18 to the Supreme Court of Guam "are collectively . . . referred to as 'Malicious Suits.'"). On June 23, 2025, Plaintiff filed a Motion for Partial Summary Judgment seeking judgment on liability for its claims. Mot. at 1. Defendants filed an opposition on July 21, 2025. Opp'n at 1. Plaintiff thereafter filed a reply on August 4, 2025. Reply to Defs.' Opp'n to Cyfred, Ltd. Mot. for Partial Summ. J. at 1 (Aug. 4, 2025) ("Reply").

## DISCUSSION

### I. Legal Standard for Summary Judgment

Under Guam Rules of Civil Procedure ("GRCP") Rule 56(a), a court shall grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. 56(a). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W.*

---

[3] The Court further notes that following Judge Iriarte's grant of the partial summary judgment, the plaintiffs in CV0735-18 have filed a Motion for New Trial, or in the Alternative, for Reconsideration and a Motion for Stay, which is to stay the CV0735-18 defendant's motion for entry of judgment. Judge Iriarte has also denied these motions. *See David Waathdad, et al., v. Cyfred, Ltd.*, Civil Case No. CV0735-18 (Decision and Order re Mot. for a New Trial, or in the Alternative, for Reconsideration at 1 (Jun. 20, 2019)); *see id.* (Decision and Order re Mot. for Stay at 2 (Oct. 2, 2019)).

*Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987)). "A genuine issue exists if there is sufficient evidence establishing a factual dispute that requires resolution by a fact-finder." *Wilkinson v. Jones*, 2004 Guam 14 ¶ 7 (citation omitted). "In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 6 (citation omitted).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27 ("A movant bears the initial burden to show that undisputed facts in the record support a *prima facie* entitlement to the relief requested."). If the movant satisfies this burden, the burden shifts to the nonmoving party to present specific facts showing that a genuine issue remains for trial. *Waathdad v. Cyfred, Ltd.*, 2021 Guam 24 ¶ 15 n.9 ("If the movant satisfies this burden, the burden then shifts to the defendant to show that there exists a material question of fact that would preclude the grant of summary judgment.") (citation omitted). The nonmoving party may not rely on mere allegations or denials in the pleadings but must set forth specific evidence demonstrating the existence of a triable issue. *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 23 ("If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint.") (citation omitted).

This case involves claims for malicious prosecution. Under Guam law, a plaintiff asserting malicious prosecution must establish "a prior action [that] '(1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable

cause, and (3) was initiated with malice.'" *Chung v. Blair Constr. Co.*, 2019 Guam 28 ¶ 16 (citing

*Siebel v. Mittlesteadt*, 161 P.3d 527, 530 (Cal. 2007)). "[T]he elements of the tort [of malicious

prosecution] have historically been carefully circumscribed so that litigants with potentially valid

claims will not be deterred from bringing their claims to court by the prospect of a subsequent

malicious prosecution claim." *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 502 (Cal. 1989).

## II.     Dismissal of All Appearing Defendants Except Attorney Wong and His Law Firm

Before considering Plaintiff's Motion, the Court first considers Defendants' request "to

*sua sponte* dismiss with prejudice Cyfred's malicious prosecution claims against [Defendants],

except for those malicious prosecution claims against Mr. Wong and his law firm." *See* Opp'n at

10. Plaintiff contends that "all of the Appearing Defendants, except Mr. Wong and his law firm,"

relied on Attorney Wong's advice in bringing the action in CV0735-18. *See id.* Defendants contend

that this reliance serves a "complete bar to a malicious prosecution claim." *See id.* (citing *Ceron v.*

*Liu*, 2025 Cal. App. LEXIS 404, *4–5). Defendants further argue that "[t]his Court is authorized

to *sua sponte* dismiss such claims with or without notice to Cyfred." *See id.* (citing *First Hawaiian*

*Bank v. Manley*, 2007 Guam 2 ¶ 23).

Plaintiff opposes this request for dismissal on the ground that Defendants "should have

filed a timely motion seeking such dismissal" instead of "relying on the court's *sua sponte* efforts."

Reply at 2. Plaintiff further argues that except for the representations made in the Opposition,

Defendants have not presented competent evidence showing that they relied on the advice of

Attorney Wong in CV0735-18. *See id.* ("The CV0735-18 Plaintiffs and the Doe Defendants have

not testified for themselves that they honestly acted on the advice of their lawyer in filing CV0735-

18 and in prosecuting the subsequent appeals and the post-trial litigation undertaking in their

name."). Lastly, Plaintiff contends that "Defendants [have] waived the defense of advice of counsel . . . because they did not include this defense in their answer to the Complaint." *See id.*

"Dismissal with prejudice is a harsh penalty and is to be imposed only in extreme circumstances." *Edwards v. ITT Fin. Servs.*, 1993 WL 724703, at *2 (N.D. Cal. May 11, 1993) (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)); *Yodlee, Inc. v. Ablaise Ltd.*, 2008 WL 11389257, at *5 (N.D. Cal. Sept. 30, 2008) ("[D]ismissal of a claim with prejudice is a harsh remedy and disfavored except in extreme circumstances."); *Quinn v. City of Vancouver*, 2021 WL 1895412, at *2 (W.D. Wash. Apr. 12, 2021) ("'Outright dismissal of a lawsuit . . . is a particularly severe sanction' and the Court's inherent authority to dismiss a case is justified only in extreme circumstances.") (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)). *First Hawaiian Bank*, the case that Defendants cited to, recognizes that "in dismissing a claim *sua sponte*, the trial court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford the parties 'an opportunity to at least submit a written memorandum in opposition to such motion." *First Hawaiian Bank*, 2007 Guam 2 ¶ 23 (citing *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). The Court need not give notice of its *sua sponte* intention only "where the claimant cannot possibly win relief." *Id.* (citing *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir.1987)).

The Court declines to exercise its authority to *sua sponte* dismiss Plaintiff's malicious prosecution claim against all Defendants except for Attorney Wong and his firm. Defendants have not shown that this is the rare circumstance in which Plaintiff "cannot possibly win relief" such that the Court can *sua sponte* dismiss with prejudice Plaintiff's malicious prosecution claim without notice. *See First Hawaiian Bank*, 2007 Guam 2 ¶ 23. In addition, the defense of advice of

counsel, which forms the basis of Plaintiff's request for *sua sponte* dismissal with prejudice, is a fact-intensive inquiry. *See Franzen v. Shenk*, 221 P. 932, 935 (Cal. 1923) ("Whether or not defendants acted bona fide upon counsel's advice is a question [of fact] for the jury.") (citation omitted) (omission in original). Specifically, the defense of advice of counsel requires the Court to consider whether the malicious prosecution defendant "ha[s] in good faith consulted a lawyer, ha[s] stated all the facts to him, ha[s] been advised by the lawyer that [the malicious prosecution defendant] ha[s] a good cause of action [in the underlying case] and ha[s] honestly acted upon the advice of the lawyer." *Ceron v. Liu*, 334 Cal. Rptr. 3d 280, 284 (Cal. Ct. App. 2025) (citation omitted). Given the fact-intensive nature of the defense of advice of counsel, the Court declines to impose the "harsh penalty" of dismissal with prejudice *sua sponte* here.[4] Accordingly, Defendants' request for *sua sponte* dismissal is **DENIED**.

### III.     Requests for Admissions

Plaintiff propounded its Requests for Admission ("RFAs") on Defendants on August 12, 2024. *See* Mot. at 6. Attorney Wong responded by email "with a generalized objection to the Request for Admissions. *Id.* Plaintiff argues that this "generalized objection" falls short of the requirement that admissions must be answered individually. *See id.* at 7 (citing Guam R. Civ. P. 36(a)). Absent individual answers, the First Request for Admission is "deemed admitted and conclusively established for the purposes of summary judgment." *See id.* (citing Guam R. Civ. P. 36(b)).

---

[4] Additionally, the Court further notes that Plaintiff argued in its Reply that Defendants may have waived the defense of advice of counsel by failing to plead it in their answer. *See* Reply at 3. Whether the defense was adequately preserved, or may nevertheless be asserted at this stage, presents a separate legal issue that has not been fully briefed and is not appropriately resolved *sua sponte* on the present record.

In opposition, Defendants argue that Attorney Wong, his law firm, and other Defendants who came into this case in or after March 2025 are not bound by any alleged admissions because they "were never served with those requests for admissions." *See* Opp'n at 17. In addition, Defendants contend that the RFAs cannot be deemed admitted as to the originally served defendants because they timely objected to the requests, and under GRCP Rule 36, Plaintiff was required to move to determine the sufficiency of those objections—which it did not do. They argue that "[u]nder such circumstances . . . [Cyfred] may move to determine the sufficiency of the . . . objections," but "Cyfred did not attempt any such motion," and therefore "there is nothing in Rule 36 that deems that certain facts had been admitted." *Id.* at 18.

Under GRCP Rule 36(a), a party may serve requests for admission on "any other party," and a matter is deemed admitted only if "the party to whom the request is directed" fails to timely respond after being served. GRCP 36(a). These provisions make clear that service is a prerequisite to any obligation to respond and to any resulting deemed admission. Accordingly, the Defendants who were not parties at the time the RFAs were served—such as Attorney Wong, his law firm, and other defendants who came into the case in or after March 2025—cannot be bound by those RFAs. Because they were never served, no admissions may be deemed against them.

As to the Defendants who were served with the RFAs, GRCP Rule 36 provides that a responding party may answer or object, and that the requesting party "may move to determine the sufficiency of the answer or objection." Guam R. Civ. P. 36(a). When a party fails to answer or object to a request for admission, the matters are deemed admitted. *See, e.g., U.S. ex rel. Green v. Schuykill Prods., Inc.*, 2014 WL 2154664, at *1 n.1 (M.D. Pa. May 22, 2014) ("A matter is deemed admitted if the responding party fails to timely provide a written answer or objection to the request

for admission.") (citing Fed. R. Civ. P. 36(a)(3)); *Black v. City of San Diego*, 2025 WL 951283, at *4 (S.D. Cal. Mar. 28, 2025) ("When a party fails to timely respond to requests for admission, those requests are automatically deemed admitted."). When an objection has been made, the "burden [of going forward] is on the requesting party to move for an order [on the responding party's objections]." *Whitney v. City of Milan*, 2014 WL 11398537, at *6 (W.D. Tenn. Feb. 25, 2014) (alterations in original) (citing Fed. R. Civ. P. 36 Advisory Committee's Note); *see also Davis v. First S. Baptist Church of Buena Park, Inc.*, 2019 WL 8013762, at *2 (C.D. Cal. Dec. 20, 2019) (held that a party may not use summary judgment "to deem . . . objections to the [Requests for Admission] . . . de facto admissions," and must instead "move to determine the sufficiency of an answer or objection.") (citing Fed. R. Civ. P. 36(a)(6)). Once the party requesting admissions moves to determine the sufficiency of the objection, the court "must then order that an answer be served unless the [c]ourt finds the objection to be justified." *See All Star Seed v. Nationwide Agribusiness Ins. Co.*, 2012 WL 5197669, at *2 (S.D. Cal. Oct. 19, 2012) (citing Fed. R. Civ. P. 36(a)(6)).

GRCP Rule 36 expressly permits a responding party to object, and when an objection is made, the rule places the burden on the requesting party to challenge its sufficiency. The proper mechanism is a motion to determine the sufficiency of the objection, not a request to treat the objection as a failure to respond in the context of summary judgment. *See Davis*, 2019 WL 8013762, at *2. Here, Plaintiff did not move to test the sufficiency of Defendants' objections. In the absence of such a motion, the Court cannot deem the matters admitted by operation of GRCP Rule 36. The Court therefore **DECLINES** to deem admitted Plaintiff's RFAs.

With that, the Court now turns to each element of Plaintiff's malicious prosecution claim.

## IV. Favorable Termination

Plaintiff argues that the favorable termination element is satisfied because judgment in CV0735-18 was entered in its favor and affirmed on appeal, making it the prevailing party in that action. Mot. at 9. Plaintiff further contends that the existence of then pending motions for relief from judgment under GRCP Rule 60(b) does not affect the finality or operative effect of the judgment. *See* Reply at 4–5. Plaintiff maintains that GRCP Rule 60(b) expressly provides that such motions do not suspend the operation or finality of a judgment, and therefore the judgment in CV0735-18 remains final for purposes of establishing favorable termination in this case. *See id.*

In response, Defendants contend that Plaintiff cannot establish the favorable termination element required for a malicious prosecution claim because the judgment in the underlying action, CV0735-18, is not final. *See* Opp'n at 6–7. According to Defendants, motions remain pending in the Superior Court of Guam seeking to set aside the judgment in that case on grounds of fraud on the court. *See id.* Defendants assert that if those motions are granted, the judgment would be vacated and the preliminary injunction previously issued in that action would be reinstated, thereby altering which party may ultimately be deemed the prevailing party. *See id.* On this basis, Defendants argue that Plaintiff's malicious prosecution claim is premature because the underlying action has not been conclusively resolved.[5] *See id.*

The element of favorable termination requires that "the underlying case must have been terminated in favor of the malicious prosecution plaintiff." *See JSJ Ltd. P'ship v. Mehrban*, 141 Cal. Rptr. 3d 338, 346 (Cal. Ct. App. 2012) (citation omitted). Where, as here, the underlying case was "terminated by means other than a trial, the termination must reflect on the merits of the case

---

[5] As noted in the Background section above, Judge Iriarte has denied both of Plaintiff's motions to set aside judgment in CV0735-18.

10

and the malicious prosecution plaintiff's innocence of the misconduct alleged in the underlying lawsuit." *Daniels v. Robbins*, 105 Cal. Rptr. 3d 683, 693 (Cal. Ct. App. 2010) (citation omitted). Affirmance on appeal "constitute[s] a final termination of the [underlying] action . . . and thus will support a malicious prosecution claim." *See Padres L.P. v. Henderson*, 8 Cal. Rptr. 3d 584, 600 (Cal. Ct. App. 2003); *Ray v. First Fed. Bank*, 71 Cal. Rptr. 2d 436, 438 (Cal. Ct. App. 1998) ("We agree with the court below that the appellate decision affirming summary judgment in the malpractice case both marked and constituted favorable termination of that case."). "[A] termination is favorable for malicious prosecution purposes where the court in the underlying action: (1) granted summary judgment and issued sanctions because the claim was meritless; (2) granted summary judgment because there was insufficient evidence to establish a triable issue of fact; or (3) held that the defendant, as a matter of law, violated no duty to the plaintiff." *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 501 (Cal. 2004) (citations omitted).

The Court finds that Plaintiff has the better of the argument. In CV0735-18, Judge Iriarte granted a partial summary judgment on the merits, finding that the "[p]laintiffs' central cause of action asserting a setoff fails as a matter of law." *See David Waathdad, et al., v. Cyfred, Ltd.*, Civil Case No. CV0735-18 (Decision and Order re Def.'s Mot. for Partial Summ. J. at 2 (Mar. 8, 2019)). On July 22, 2019, Attorney Wong gave notice in CV0735-18 that he appealed Judge Iriarte's Partial Summary Judgment Decision and Order, her Order Dissolving Preliminary Injunction on March 28, 2019, and her Decision and Order re Motion for a New Trial, or in the Alternative, for Reconsideration on June 29, 2019. *See id.* (Notice of Appeal at 2 (Jul. 23, 2019)). On December 22, 2021, the Supreme Court of Guam affirmed all of Judge Iriarte's rulings that went on appeal. *See* Judgment, CVA19-013 (Dec. 22, 2021) (The Supreme Court of Guam "AFFIRMS the grant

11

of partial summary judgment and all the related orders originating from it."). This decision by the Supreme Court of Guam is also based on the merits of the case. *See generally Waathdad v. Cyfred, Ltd.*, 2021 Guam 24 ¶ 15 ("We agree with Cyfred and find that summary judgment was proper, that the Homeowners' claim for setoff fails as a matter of law, and there is no basis for applying either exception advanced by the Homeowners."). Accordingly, the Court finds that the underlying case has been favorably terminated in Plaintiff's favor.

Defendants argue that GRCP Rule 60 thwarts favorable termination without citing any legal support. This position contradicts the plain text of GRCP Rule 60. Specifically, GRCP Rule 60(b) states "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Instead of citing to a legal authority, his argument relies on a series of hypotheticals which have been denied at the trial level. *See* Opp'n at 8 ("[I]f the judgment is set aside, such summary judgment will be set aside . . . If the summary judgment is set aside, the preliminary injunction should be reinstated . . . ."). The Court is therefore not persuaded that Defendants' first and second motion for relief for fraud upon the Court defeat favorable termination of CV0735-18.

## V. Probable Cause

Plaintiff contends that Defendants lacked probable cause to initiate CV0735-18 because, at the time of filing, they knowingly asserted legally untenable setoff claims based on unliquidated, contingent, and non-mutual attorney's fee demands that could not, as a matter of law, offset Plaintiff's liquidated debts under the promissory notes and mortgages. Mot. at 10. The Supreme Court of Guam and trial court has already established that no attorney's fees were owed to Defendants, and that any claimed fees remained contingent and unresolved, rendering the setoff

theory invalid. *Id.* at 2–4, 9–11. Plaintiff further argues that Defendants' allegations of Plaintiff's insolvency were baseless and contradicted by the record, including Plaintiff's ownership and foreclosure of multiple properties. *Id.* at 10–11. Plaintiff emphasizes that these defects defeat any claim of probable cause and that the preliminary injunction does not establish otherwise because it was not a merits determination. Reply at 5.

Defendants argue that they had probable cause to initiate CV0735-18 because their claims—particularly for injunctive relief—were supported by a good-faith legal and factual basis at the time of filing, including reliance on counsel and the existence of ongoing related litigation concerning title and attorney's fees. They emphasize that they sought a preliminary injunction to preserve the *status quo*, where they anticipated prevailing and liquidating their attorney's fee claims, which could then be applied as a setoff against Cyfred's claims. Opp'n at 3–5. Defendants further contend that they actually succeeded on the merits of their injunction request, which was granted after a hearing, thereby demonstrating that their claims were not "totally and completely without merit" and supporting probable cause under the interim adverse judgment rule. *Id.* at 3–4, 9–13. They also assert that most Defendants rely in good faith on the advice of counsel which independently establishes probable cause and bars malicious prosecution liability. *Id.* at 2–3, 9–10.

"A lack of probable cause is a necessary element of a malicious prosecution claim." *Landis' Labyrinth, Inc. v. Whitaker*, 339 Cal. Rptr. 3d 569, 587–88 (Cal. Ct. App. 2025). "Probable cause exists if a person filing the claim has reasonable grounds for relief under the theory of law actually asserted." *Chung v. Blair Constr. Co.*, 2019 Guam 28 ¶ 16 (citing *Lucero v. Stewart*, 1988 WL 242612, at *1 (D. Guam App. Div. Nov. 17, 1988)). "A litigant will lack probable cause for his

13

action if he relies upon facts which he has no reasonable cause to believe to be true, or if he seeks recovery upon a legal theory which is untenable under the facts known to him." *Id.* ¶ 17 (citing *Sycamore Ridge Apartments LLC v. Naumann,* 69 Cal. Rptr. 3d 561, 575 (Ct. App. 2007)). "Malicious prosecution actions require looking at probable cause at the time the lawsuit was *filed or continued,* not at the ultimate findings of the court in the underlying action." *Id.* ¶ 18 (citations omitted) (emphasis added). Consequently, "[t]he reasonableness of—*i.e.,* probable cause for—a lawsuit does not depend solely on the ultimate resolution." *Id.* "Probable cause may be present even where a suit lacks merit" because "[r]easonable lawyers can differ" as to whether a lawsuit has merit. *See Roberts v. Sentry Life Ins.,* 90 Cal. Rptr. 2d 408, 412 (Cal. Ct. App. 1999).

A malicious prosecution defendant may establish probable cause by invoking the Interim Adverse Judgment Rule. Under this rule, "[a] defendant 'can negate [the absence of probable cause] by showing [] an interim victory in the underlying case—such as the granting of a preliminary injunction in favor of the malicious prosecution defendant (the plaintiff in the prior case).'" *Paiva v. Nichols,* 85 Cal. Rptr. 3d 838, 843 (Cal. Ct. App. 2008); *see also Fleishman v. Superior Ct.,* 125 Cal. Rptr. 2d 383, 391 (Cal. Ct. App. 2002) ("[T]he issuance of the preliminary injunction conclusively establishes that Sunterra's entire action was brought with probable cause."). But an initial win at the preliminary injunction stage does not provide a blank check to litigate a deficient claim indefinitely. After all, "[m]alicious prosecution . . . includes continuing to prosecute a lawsuit discovered to lack probable cause." *Zamos v. Stroud,* 87 P.3d 802, 811–12 (Cal. 2004); *see also Sycamore Ridge Apartments, LLC,* 69 Cal. Rptr. 3d at 572 ("Continuing an action one discovers to be baseless harms the defendant and burdens the court system just as much as initiating an action known to be baseless from the outset.") (citation omitted); *Golden State*

*Seafood, Inc. v. Schloss*, 266 Cal. Rptr. 3d 608, 616 (Cal. Ct. App. 2020) (citation omitted) ("[A]n attorney may be held liable for malicious prosecution for continuing to prosecute a lawsuit discovered to lack probable cause.") (citation omitted). Accordingly, while an interim favorable ruling is relevant to the probable cause inquiry, it is not dispositive where subsequent developments make clear that the action lacks a tenable factual or legal basis. *See Chung*, 2019 Guam 28 ¶ 17 (A party lacks probable cause "if he relies upon facts which he has no reasonable cause to believe to be true, or if he seeks recovery upon a legal theory which is untenable under the facts known to him.").

Applying these principles, the Court concludes that Plaintiff has established the absence of probable cause as a matter of law. Whatever probable cause the plaintiffs in CV0735-18 may have had at the inception of that lawsuit had dissipated by the time the Supreme Court of Guam affirmed the trial court's grant of partial summary judgment. Specifically, the Supreme Court of Guam held that the homeowners' asserted setoff claims were legally defective because they were unliquidated, contingent, and non-mutual, and therefore could not, as a matter of law, be used to offset Plaintiff's liquidated obligations. *See* Mot. at 10–11 (citing *Waathdad v. Cyfred, Ltd.*, 2021 Guam 24 ¶¶ 23–25, 31). The Supreme Court of Guam further noted that no attorney's fees had been awarded in prior litigation and that any potential recovery remained speculative and unresolved. *Id.*

At that point, no reasonable attorney could have believed that Defendants' legal theory remained tenable. Yet Defendants persisted in litigating CV0735-18 based on the same defective theory. Under *Zamos v. Stroud*, continuing to prosecute a claim after it becomes clear that it lacks probable cause constitutes malicious prosecution. 32 Cal. 4th at 973. On this record, Defendants' continued prosecution of CV0735-18 after the Supreme Court's ruling cannot be characterized as

objectively reasonable. Accordingly, Plaintiff has satisfied the probable cause element of its malicious prosecution claim.

Defendants' reliance on the preliminary injunction likewise does not defeat a finding of lack of probable cause. It is true that under the Interim Adverse Judgment Rule, an interim victory—such as the granting of a preliminary injunction—may support a finding that the underlying action was not "totally and completely without merit." *See Paiva*, 85 Cal. Rptr. 3d at 843; *Fleishman*, 125 Cal. Rptr. 2d at 391. However, that principle is not absolute. An initial success does not provide a litigant with a license to continue prosecuting claims once their lack of legal or factual foundation becomes apparent. *See Zamos*, 87 P.3d at 811–12; *Sycamore Ridge Apartments, LLC*, 69 Cal. Rptr. 3d at 572.

In this case, even if the preliminary injunction supplied some initial basis for probable cause, that basis eroded—and ultimately disappeared—as the litigation progressed. As discussed, the trial court later determined, and the Supreme Court of Guam affirmed, that Defendants' setoff theory failed as a matter of law because it was based on unliquidated, contingent, and non-mutual claims. *See* Mot. at 10–11. At that point, the legal viability of Defendants' central theory was conclusively rejected. Under such circumstances, continued reliance on the earlier preliminary injunction was no longer objectively reasonable. *See Chung*, 2019 Guam 28 ¶ 17 (lack of probable cause exists where a party pursues a legal theory that is untenable under known facts).

## VI.  Malice

Plaintiff argues that malice is established both by inference from the absence of probable cause and by Defendants' conduct throughout the underlying litigation: it argues that Defendants and Attorney Wong filed and persisted in CV0735-18 despite knowing their claims were legally

untenable, allowing malice to be inferred. Mot. at 12–13; Reply at 6–8. Plaintiff further contends that Defendants never rebutted these facts or its malice arguments in their Opposition, thereby leaving undisputed that the prior suits were pursued not to vindicate legitimate rights but to extract attorney's fees and harm Plaintiff, which satisfies the malice element. Reply at 6.

In opposition, Defendants argue that Plaintiff cannot establish malice because CV0735-18 was not brought to harass or injure Plaintiff, but to protect the homeowners' ability to remain on their first lots by preserving their second lots. *See* Opp'n at 7–8. Defendants further maintain that malice is a jury question not resolvable on summary judgment, and that Plaintiff's attempt to infer malice from later-developed setoff theories misstates the original complaint, which they characterize as seeking only to preserve the *status quo. Id.* at 15–16.

"The malice element looks to the 'subjective intent or purpose with which the defendant acted in initiating the prior action.'" *Gruber v. Gruber*, 261 Cal. Rptr. 3d 819, 826 (Cal. Ct. App. 2020) (citing *Sheldon Appel Co.*, 765 P.2d 498, 503 (Cal. 1989)). To establish the "malice" element of a malicious prosecution claim, the plaintiff must "prove actual ill will *or* some *improper* ulterior motive." *Daniels*, 105 Cal. Rptr. 3d at 699 (emphasis in original) (citing *Downey Venture v. LMI Ins. Co.*, 78 Cal. Rptr. 2d 142, 151 (Cal. Ct. App. 1998)). The motive of obtaining "the satisfaction in a civil action of some personal or financial purpose" does not show malice. *Downey Venture*, 78 Cal. Rptr. 2d at 151. Because the malice inquiry requires an examination of the "subjective intent or purpose" of the defendant, "[m]alice is a fact to be found by the jury in an action for malicious prosecution." *See Griswold v. Griswold*, 77 P. 672, 674 (Cal. 1904); *Plumley v. Mockett*, 79 Cal. Rptr. 3d 822, 834 (Cal. Ct. App. 2008) ("[M]alice is a factual question to be resolved by a

17

jury."); *Sheldon Appel Co.*, 765 P.2d at 503 ("[T]he defendant's motivation is a question of fact to be determined by the jury.").

The Court finds that genuine disputes of material facts exist as to malice. The malice element turns on the defendant's "subjective intent or purpose" in initiating or maintaining the prior action and requires proof of actual ill will or some improper ulterior motive. *Gruber*, 261 Cal. Rptr. 3d at 826; *Daniels*, 105 Cal. Rptr. 3d at 699. Plaintiff points to evidence from which a factfinder could infer such an improper motive, including its contention that Defendants asserted setoff theories that were legally untenable because they were based on unliquidated, contingent, and non-mutual fee claims, and that they continued to pursue those theories despite adverse rulings. *See* Mot. at 9–13; Reply at 6–8. But at the same time, Defendants have identified competing evidence and inferences that preclude summary adjudication on malice. Defendants contend CV0735-18 was brought to preserve the homeowners' ability to remain on their first lots by preventing further foreclosure activity until the related litigation was finally resolved, and they emphasize that they initially obtained a preliminary injunction, which arguably reflects at least some legal tenability in their position. Because malice depends on the actor's "subjective intent or purpose," and because California courts consistently treat that issue as one for the trier of fact, the Court may not resolve the parties' competing accounts of Defendants' motives on summary judgment. For that reason, the Court finds that there remains a genuine dispute of material fact as to the element of malice, and partial summary judgment is **DENIED** on this ground.

## VII.   **Damages**

Because the Court denies summary judgment on liability, it need not reach the issue of damages at this time. *See, e.g., Safeworks, LLC v. Spydercrane.com, LLC*, 2009 WL 3169151, at

*8 (W.D. Wash. Sept. 29, 2009) ("Because summary judgment is denied, the Court does not reach the issue of damages."); *Flynn v. Love*, 2021 WL 1214779, at *6 (D. Nev. Mar. 30, 2021) ("The Court agrees with Defendants that Plaintiffs are not entitled to summary judgment, and thus declines to address the issue of damages."); *Dean Tech., Inc. v. CE Power Sols., LLC*, 96 F. Supp. 3d 736, 746 (S.D. Ohio 2015) ("Because summary judgment is not indicated with respect to liability, the Court need not consider summary judgment with regard to damages."). Accordingly, all issues relating to damages are reserved for further proceedings, if necessary, following resolution of liability issues.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion. A status hearing shall be held on June 4th, 2026 at 9:30 a.m.

**SO ORDERED** this 4th day of May, 2026.

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

19